IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CV-195-D(3)

| | | |
|---|---|---|
| SHARON K. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Sharon K. Jones ("plaintiff") appeals the final decision by defendant Michael J. Astrue, the Commissioner of Social Security ("Commissioner")[1] denying plaintiff's application for Disability Insurance Benefits and Supplemental Security Income payments (collectively, "benefits"). On February 15, 2007, Magistrate Judge Webb issued a Memorandum and Recommendation ("M&R") recommending that plaintiff's motion for judgment on the pleadings be denied, defendant's motion for judgment on the pleadings be granted, and the Commissioner's final decision be affirmed. On March 20, 2007, plaintiff objected to the M&R. On April 27, 2007, the government responded. As explained below, the court overrules the plaintiff's objections to the M&R, adopts the M&R, and affirms the Commissioner's final decision.

I.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir.

---

[1] Michael J. Astrue replaced Jo Anne B. Barnhart as Commissioner of Social Security. Accordingly, Michael J. Astrue is substituted as the official-capacity defendant. See Fed. R. Civ. P. 25(d)(1).

2005) (quoting 28 U.S.C.A. § 636(b)(1)). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the record, the briefs, the M&R, the objections, and the response. As for those portions of the M&R to which plaintiff does not object, the court is satisfied that there is no clear error on the face of the record. Thus, the court adopts those portions of the M&R. As for the objections, the court reviews them de novo.

In conducting its review of the objections to the M&R, the court applies the same legal standard that Judge Webb discussed in the M&R. See M&R 2-3. Specifically, a court "must uphold the factual findings of [the ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); 42 U.S.C. § 1383(c)(3). "Substantial evidence" means "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

II.

On August 4, 2005, an administrative law judge ("ALJ") held a hearing regarding plaintiff's application for benefits. The ALJ uses a five-step process in evaluating disability claims. See 20 C.F.R. §§ 404.1520 & 416.920. Essentially, this process requires the ALJ to consider whether a claimant (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) possesses the residual functional capacity ("RFC") to return to her past relevant work; and (5) if not, whether she can perform other work in light of her age, education, work experience, and RFC. See id.; M&R 3. The plaintiff bears the burden of proof

2

at steps one through four, but the burden shifts to the Commissioner at step five. See, e.g., Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Based on the ALJ's analysis at step one, plaintiff had not engaged in substantial gainful activity at any time relevant to the ALJ's decision. R. at 19. At step two, the ALJ found that plaintiff had severe impairments of hypertension, diabetes mellitus, mild degenerative joint disease of the left knee, and bronchitis. Id. at 19, 22. At step three, however, the ALJ determined that plaintiff's impairments did not meet or medically equal one of the impairments listed in 20 C.F.R. § 404, Subpart P, App. 1. Id.

At step four, the ALJ determined that plaintiff had the RFC to perform a significant range of medium work activity (work involving occasional lifting of 50 pounds; frequent lifting of 25 pounds; and standing, walking, or sitting 6 hours of an 8 hour workday) with restrictions from concentrated exposure to respiratory irritants and activity involving climbing and kneeling. Id. at 20, 22. At step five, the ALJ consulted the Medical-Vocational Rules ("Grids") listed in 20 C.F.R. § 404, Subpart P, App. 2, to determine whether jobs were available in the national economy for someone with plaintiff's RFC and personal characteristics. Id. at 21-22. The ALJ concluded that plaintiff's additional limitations did not significantly reduce the occupational base of work she could perform. Id. Based on the Medical-Vocational Rules, the ALJ found plaintiff "not disabled" within the meaning of the Social Security Act. Id. at 22-23. Accordingly, on December 9, 2005, the ALJ denied benefits. Id.

The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Id. at 7. Plaintiff filed this action, and the parties filed cross motions for judgment on the pleadings.

3

III.

Plaintiff makes five objections to the M&R: (1) that the M&R erred in finding that plaintiff's depression, borderline intellectual functioning, and chronic headaches were non-severe; (2) that the M&R erred in finding plaintiff capable of performing medium work; (3) that the M&R did not grant sufficient credibility to plaintiff's subjective complaints; (4) that the M&R did not grant significant weight to the treating physician's opinion; and (5) that the M&R erred in assessing the ALJ's failure to obtain a vocational expert's ("VE") opinion concerning the impact of plaintiff's nonexertional limitations.

A.

Plaintiff objects to the M&R's determination that the ALJ's decision properly classified plaintiff's depression, borderline intellectual functioning, and chronic headaches as non-severe. Obj. to M&R 1-4. An impairment is not severe if it does not significantly limit one's physical or mental ability to do basic work activities. 20 C.F.R. § 416.921. The M&R properly found that substantial evidence exists to support the ALJ's determination. M&R 8. On January 8, 2004, C. Craig Farmer, Ph.D, examined plaintiff and diagnosed her with mild to moderate depression. R. at 260. However, Dr. Farmer also determined that plaintiff was well-oriented and had a normal ability to concentrate. Id. at 259. Plaintiff possessed the competency necessary to do most jobs, including the ability to perform simple tasks, relate to others, tolerate normal stress, and understand, retain, and follow instructions. Id. This court cannot re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner in reviewing for substantial evidence. Craig, 76 F.3d at 589. Because substantial evidence exists supporting the ALJ's determination, plaintiff's objection regarding the severity of her impairments is overruled.

4

B.

Plaintiff objects to the M&R's analysis of the ALJ's decision assigning plaintiff an RFC for medium work on grounds that the ALJ failed to consider evidence favorable to claimant. Obj. to M&R 4-5. To determine RFC, the ALJ must consider all of the relevant and other medical evidence and assess a claimant's ability to meet the physical and mental requirements of work. See 20 C.F.R. § 416.929. When a claimant has a number of impairments, the ALJ must consider their cumulative effect in making a disability determination. See 20 C.F.R. § 416.920(a), (c). "Sufficient consideration of the combined effects of a plaintiff's impairments is shown when each is separately discussed in the ALJ's decision, including discussion of a plaintiff's complaints of pain and level of daily activities." Baldwin v. Barnhart, 444 F.Supp.2d 457, 465 (E.D.N.C. 2005) (quotation omitted), aff'd, 179 Fed. Appx. 167 (4th Cir. 2006) (per curiam) (unpublished).

In assessing plaintiff's RFC, the ALJ's opinion demonstrates that he considered the individual and cumulative effects of claimant's impairments, subjective complaints, and pain. The ALJ's opinion analyzes claimant's testimony and thoroughly reviews the medical records and physicians' opinions. R. at 19-21. The ALJ fully explained the basis for plaintiff's RFC and reasons for discounting plaintiff's credibility and the testimony of her treating physician, Ahmed Ihn-Mahfoudh, M.D. Id. at 20-21. Accordingly, plaintiff's objection is overruled.

C.

Plaintiff argues that the M&R and ALJ failed to grant sufficient credibility to plaintiff's subjective complaints. Obj. to M&R 8. The M&R properly found that the ALJ fully explained the reasons for discounting plaintiff's credibility, primarily finding that her testimony differed substantially from other evidence in the record. M&R 9-10 (citing R. at 20-21). Specifically, the

5

ALJ noted that despite alleged incapacitating headaches, plaintiff had not been treated by her physician, prescribed pain medication, or referred to a pain management clinic for this condition. R. at 20. Plaintiff's complaints of dizziness and drowsiness due to medication and the need to elevate her legs were not reflected in the clinical notes. Id. at 20-21. Further, plaintiff's daily activities were inconsistent with her testimony regarding her ability to stand or walk for 5 to 10 minutes. Id. For these reasons, the ALJ concluded that claimant's allegations are not "fully credible." Id. at 21.

The ALJ "had the opportunity to observe the demeanor and to determine the credibility of the claimant." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). Such observations concerning the credibility of the plaintiff are to be given "great weight." Id. As noted in the M&R, the ALJ's determination that plaintiff could perform "medium work" is supported by substantial evidence in the record. Plaintiff's third objection is overruled.

D.

Plaintiff next objects to the ALJ's assessment of the treating physician's opinion. The opinion of a treating physician is generally entitled to great weight. See, e.g., Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983) (per curiam). The Regulations provide that controlling weight be given to a treating source's opinion when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(d)(2). Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. An ALJ's assessment of a treating physician's opinion will generally not be disturbed "absent some indication that the ALJ has dredged up specious inconsistencies or has not given good reason for the weight afforded a particular

opinion." Koonce v. Apfel, 1999 WL 7864, at *2 (4th Cir. Jan. 11, 1999) (per curiam) (unpublished) (citations omitted).

The M&R notes that the ALJ properly accorded little weight to the opinion of Dr. Ihn-Mahfoudh because he found it unsupported by the weight of the evidence. See M&R 10-11 (citing R. at 20). Dr. Ihn-Mahfoudh's opinion referenced no laboratory or clinical findings, leading the ALJ to treat such opinion as a "conclusory statement not supported by substantial evidence." R. at 20. Further, Dr. Ihn-Mahfoudh's opinion was printed on stationary of plaintiff's counsel and included only a contact phone number for plaintiff's counsel despite inviting further inquiry. Id. at 183. Under the standard derived from Craig and the Regulations, the ALJ permissibly discounted Dr. Ihn-Mahfoudh's opinion. Plaintiff's fourth objection is overruled. See Craig, 76 F.3d at 590; 20 C.F.R. § 416.927.

E.

Finally, plaintiff contends that the M&R erred in assessing the ALJ's failure to obtain a VE's opinion regarding the impact of plaintiff's nonexertional limitations. Obj. to M&R 14. Nonexertional limitations refer to those impairments and related symptoms that affect one's ability to meet the demands of a job other than strength demands. 20 C.F.R. § 416.969a(c). If a claimant's ability to perform the full range of work in a particular category is limited by a nonexertional impairment, the ALJ cannot rely exclusively on the Grids to determine disability. Rather the ALJ is required to use a VE's testimony to determine whether the claimant is capable of performing other jobs in the national economy. See, e.g., Wilson v. Heckler, 743 F.2d 218, 222 (4th Cir. 1984). However, "[i]f [the plaintiff] has no nonexertional impairments that prevent her from performing the full range of work at a given exertional level, the Commissioner may rely solely on the Grids to satisfy his burden of proof." Aistrop v. Barnhart, 36 Fed. Appx. 145, 146 (4th Cir. 2002) (per

7

curiam) (unpublished); see also, Coffman v. Bowen, 829 F.2d 514, 518 (4th Cir. 1987); Gory v. Schweiker, 712 F.2d 929, 930-31 (4th Cir. 1983).

As discussed, the M&R properly found that the ALJ assessed plaintiff's nonexertional impairments of depression, borderline intellectual functioning, and pain appropriately to be non-severe. M&R 11-12. Plaintiff's RFC was not "reduced by only nonexertional factors." Aistrop, 36 Fed. Appx. at 147. Accordingly, there is no requirement to hear testimony from a VE, and the ALJ properly relied upon the Grids to determine whether there were jobs in the national economy which plaintiff could perform. Plaintiff's final objection is overruled.

IV.

For the reasons stated above, plaintiff's objections to the M&R are OVERRULED, and the court ADOPTS the M&R. Accordingly, plaintiff's motion for judgment on the pleadings is DENIED, the defendant's motion for judgment on the pleadings is GRANTED, and the final decision by the Commissioner is AFFIRMED. The Clerk is directed to close the case.

SO ORDERED. This the _4_ day of September 2007.

JAMES C. DEVER III
United States District Judge